IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONTINENTAL RESOURCES, INC., for itself and as Class Representative of the Settlement Class in consolidated cases CJ-95-739 and CJ-2000-356,   )<br>)<br>)<br>)<br>)<br>    Plaintiffs,   )<br>)<br>-vs-   )<br>)<br>)<br>ROBERT W. BISHOP, STUART C. YOES, and DIANE MASON,   )<br>)<br>)<br>    Defendants.   ) | Case No. CIV-05-1032-F |

## **O R D E R**

Before the court is defendants' (partial) Motion to Dismiss, filed September 6, 2005 (doc. no. 5), seeking to dismiss plaintiffs' abuse of process claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Plaintiffs have responded to the motion, and upon due consideration of the parties' submissions, the court finds that defendants' motion should be denied.

From a review of plaintiffs' petition originally filed in state court on August 17, 2005, it appears that plaintiffs have alleged claims against defendants for abuse of process, intentional inference with contractual relations and conspiracy.  These claims purport to arise from the filing of an objection to class certification, class settlement and request for class counsel fees, class representative fees and expenses filed in a state court consolidated cases by defendants, Robert W. Bishop and

Stuart C. Yoes, on behalf of their client, defendant, Diane Mason. Defendants' instant motion only addresses the abuse of process claim.

Rule 12(b)(6) provides that a defendant may assert by motion to dismiss that a plaintiff's complaint fails to state a claim upon which relief can be granted. The rule therefore provides a procedural device to test the formal sufficiency of the statement of a claim for relief by requiring the district court to appraise a complaint. This court is guided in its appraisal by the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which provides that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."

This court is also guided in its determination by Rule 8(a), Fed. R. Civ. P. Rule 8(a) sets forth the requirements for pleading a claim and requires that such pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is only when the challenged pleading fails to meet these liberal standards and thus also fails to give notice to the opposing party of the nature of and the grounds for the claim presented that the pleading will be subject to dismissal under Rule 12(b)(6).

In its determination, the court is further guided by the Supreme Court's statement that the court "must presume that the general allegations in the complaint encompass specific facts necessary to support those allegations" at the pleading stage, Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

The court accepts all well-pleaded factual allegations in the complaint and construes them in favor of the non-moving parties. Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001).

Applying these standards, the court finds that plaintiffs have stated a claim for relief against defendants for abuse of process. The court specifically rejects defendants' "process" argument. The word "process" is not restricted to the narrow sense of that term, but "encompasses the entire range of procedures incident to the litigation process." Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994), *cert. denied*, 517 U.S. 1219 (1996), citing Nienstedt v. Wetzel, 651 P.2d 876, 880 (Ariz. Ct. App. 1982). The court thus concludes that process would include an objection to a class settlement.

In addition, the court finds that plaintiffs have sufficiently alleged a claim of abuse of process against defendants. The court finds that defendants have adequately been apprised of the nature of the claim and the relief sought for the claim. The discovery process provides ample tools with which to flesh out this claim. Moreover, the court opines that the merits of the claim may more properly be addressed at the summary judgment stage.

Accordingly, defendants' (partial) Motion to Dismiss, filed September 6, 2005 (doc. no. 5), is **DENIED**.

DATED October 5, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1032p004(pub).wpd